IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **DANA SAMWELL CARMICHAEL** | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:22cv401 |
| | § | |
| **PARIS POLICE DEP'T, ET AL.** | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

*Pro se* Plaintiff Dana Samwell Carmichael filed the above-styled and numbered complaint pursuant to 42 U.S.C. § 1983, which was referred to the undersigned for findings of fact, conclusions of law, and recommendations for the disposition of the case.

On June 6, 2022, the Court ordered Plaintiff to pay an initial partial filing fee of $19.80 within thirty days (Dkt. #5). In response, Plaintiff simply stated that he was indigent (Dkt. #7), which the Court construed as a motion to reconsider the amount of the initial partial filing fee. Accordingly, on March 7, 2023, the Court ordered that, within fourteen days, Plaintiff should submit a certified copy of his trust inmate account for the previous six months so that the Court could reconsider the amount of the initial partial filing fee (Dkt. #8). On March 27, 2023, it was returned and marked, "Return to Sender - Not Deliverable as Addressed - Unable to Forward." (Dkt. #9). In handwriting on the envelope, it was also noted, "No longer in custody at Lamar County Jail; No longer in custody at TDCJ when searched." (Dkt. #9).

"A pro se litigant must provide the court with a physical address (i.e., a post office box is not acceptable) and is responsible for keeping the clerk advised in writing of his or her current physical address." Local Rule CV-11(d). The Court is unaware of Plaintiff's whereabouts, and it is futile to re-send the Order to Lamar County Jail given the notations on the returned mail. As

Plaintiff has failed to provide the Court with a current physical address, and he has failed to comply with the Court's Orders, he has failed to prosecute his case. FED. R. CIV. P. 41(b).

A district court may dismiss an action for failure to prosecute or to comply with any order of the court. *Campbell v. Wilkinson*, 988 F.3d 798, 800 (5th Cir. 2021); FED. R. CIV. P. 41(b). The exercise of the power to dismiss for failure to prosecute is committed to the sound discretion of the court, and appellate review is confined solely to whether the court's discretion was abused. *Green v. Forney Eng'g Co.*, 589 F.2d 243, 247 (5th Cir. 1979); *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978). Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also *sua sponte* dismiss an action whenever necessary to achieve the orderly and expeditious disposition of cases. *Anthony v. Marion Cnty. Gen. Hosp.*, 617 F.2d 1164, 1167 (5th Cir. 1980). In the present case, Plaintiff failed to keep the Court apprised of his current address. He also failed to comply with the Court's Orders to either pay the initial partial filing fee or submit the required inmate trust information; thus, the case can also be dismissed for these failures. *See Wildhaber v. United States*, No. 3:19-CV-2045-K (BH), 2020 WL 2544021, at *1 (N.D. Tex. Apr. 20, 2020) ("Because [plaintiff] failed to comply with the orders that he pay the filing fee or file a certified copy of his an IFP application with a certificate of inmate trust account, and has not otherwise responded to it, this case should be dismissed for failure to prosecute or follow an order of the court."), *report and recommendation adopted*, No. 3:19-CV-2045-K, 2020 WL 2542735 (N.D. Tex. May 19, 2020); *Jeffery v. Davis*, No. 3:20-CV-164-C (BH), 2020 WL 2363458, at *1 (N.D. Tex. Apr. 20, 2020) ("This case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow orders of the court[.]"), *report and*

*recommendation adopted*, No. 3:20-CV-164-C-BH, 2020 WL 2343157 (N.D. Tex. May 11, 2020).[1] It is solely Plaintiff's responsibility to keep the Court apprised of his current address. Additionally, it is his responsibility to comply with the Court's Orders to either pay the required fee or submit the necessary documentation. Accordingly, the case should be dismissed for failure to prosecute. *See* FED. R. CIV. P. 41(b).

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, the Court recommends that this case be **DISMISSED WITHOUT PREJUDICE** under Federal Rule of Civil Procedure 41(b). *See* FED. R. CIV. P. 41(b).

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such

---

[1] Dismissal with prejudice for failure to obey an order or failure to prosecute is an extreme sanction that should be employed only when the plaintiff's conduct has threatened the integrity of the judicial process in such a way that leaves the court no choice but to deny the plaintiff benefits. *McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir. 1988). A court should consider lesser sanctions, such as fines, costs, damages, conditional dismissals, and dismissals without prejudice, among other lesser measures prior to dismissing a case with prejudice. *Id.* at 793. In the present case, Plaintiff has failed to keep the Court apprised of his current address and has failed to comply with the Court's Orders to either pay the filing fee or submit a certified copy of his trust inmate account. Plaintiff has failed to act according to the Court's Orders. However, Plaintiff.s intentions and actions do not threaten the judicial process, and a dismissal with prejudice is inappropriate.

3

consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 31st day of March, 2023.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE